WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Constantino Flores,<br><br>        Plaintiff,<br><br>v.<br><br>Gray Services LLC, et al.,<br><br>        Defendants. | No. CV-14-01075-PHX-DGC<br><br>**ORDER** |

Defendants have moved to withdraw the reference of this case to the bankruptcy court. Doc. 2. The motion has been fully briefed. Docs. 19, 21. For the reasons stated below the Court will deny the motion.[1]

**I.     Background.**

On May 4, 2012, GDG Partners, LCC filed a voluntary Chapter 7 petition in the U.S. Bankruptcy Court in Arizona. Doc. 2 at 2; Doc. 19 at 1. Plaintiff Flores was named as Trustee. On April 2, 2014 Plaintiff initiated an Adversary Proceeding, claiming (i) fraudulent transfer under A.R.S. § 44-1004, (ii) fraudulent transfer under 11 U.S.C. § 548(a), (iii) in the alternative, a preference under 11 U.S.C. § 547, (iv) post-petition transfer of estate assets under 11 U.S.C. § 549, (v) conversion of bankruptcy estate assets, and (vi) violation of the automatic stay pursuant to 11 U.S.C. § 362(a)(3). Doc. 2 at 2;

---

[1] The request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Doc. 19 at 2.  On May 16, 2014, Defendants filed an answer and a motion to dismiss counts four, five and six.  In the answer, Defendants asserted their right to a jury trial and did not consent to a jury trial in the bankruptcy court.

## II. Legal Standard.

The bankruptcy court "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11."  28 U.S.C. §157(b)(1).  A bankruptcy court may also hear "a proceeding that is not a core proceeding but that is otherwise related to a case under title 11."  *Id.* at § 157(c)(1). "[T]he district court may withdraw . . . any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." *Id.* at § 157(d).

To determine if cause for withdrawal exists, this Court "should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."  *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997).  The Court must "evaluate whether the claim is core or non-core, since it is upon this issue that [such] questions of efficiency and uniformity will turn."  *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993).

## III. Analysis.

Defendants move to withdraw the reference to the bankruptcy court because (1) the Bankruptcy Court cannot enter a final judgment on the fraudulent transfer claims; (2) Defendants have demanded a jury trial in the District Court; and (3) there is cause to withdraw the reference.  Doc. 2.  Defendants' arguments are addressed in turn.

### A. Fraudulent Transfer Claims.

Defendants argue that the Court should withdraw the reference because the bankruptcy court does not have jurisdiction to enter final judgments on these claims because they are not core proceedings, but rather may only "submit proposed findings of fact and conclusions of law to the district court."  Doc. 2 at 3 (citing 28 U.S.C. § 157(c)(1)).  Congress enacted the Bankruptcy Amendments and Federal Judgeship Act

of 1984 ("the Amendments") to cure the constitutional defect of the Bankruptcy Act of 1978, which impermissibly shifted certain Article III powers to bankruptcy courts. *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997) (citing constitutional ruling in *N. Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982)). In the Amendments, Congress delineated the role of bankruptcy judges with respect to both core and non-core bankruptcy proceedings. 28 U.S.C. § 157. For core proceedings, the bankruptcy court may issue final orders, subject to the district court's appellate review. *Id.* § 157(b)(1). For non-core proceedings, the bankruptcy court may issue findings of fact and law, but the district court must issue final orders, and all non-core matters which are appealed are subject to the district court's de novo review. *Id.* § 157(c)(1).

Plaintiff does not dispute Defendants' claim that the fraudulent transfer claims are not core proceedings. Doc. 19 at 2. Instead, Plaintiff argues that there is no requirement that the reference be withdrawn simply because non-core proceedings exist. *Id.*

The Court agrees with Plaintiff. As a constitutional matter, the bankruptcy court is without jurisdiction to enter final judgment on non-core proceedings, but the Supreme Court in *Stern v. Marshall* did not hold that bankruptcy courts are barred from hearing such claims and issuing proposed findings of fact upon which the district court can base its final judgment. *Stern v. Marshall*, 131 S. Ct. 2594, 2620, 180 L. Ed. 2d 475 (2011) (noting that the appealing party "has not argued that the bankruptcy courts are barred from hearing all counterclaims or proposing findings of fact and conclusions of law on those matters, but rather that it must be the district court that finally decide[s] them") (internal quotes omitted). The Supreme Court clarified this directive this year in *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2168 (2014):

> We hold today that when, under *Stern*'s reasoning, the Constitution does not permit a bankruptcy court to enter final judgment on a bankruptcy-related claim, the relevant statute nevertheless permits a bankruptcy court to issue proposed

>findings of fact and conclusions of law to be reviewed *de novo* by the district court.

The existence of non-core claims in this case does not divest the bankruptcy court of its ability to carry out this duty to issue findings of fact and conclusions of law.

### B.   Jury Trial Demand

When a party demands a jury trial in a bankruptcy proceeding, a bankruptcy court may conduct a jury trial only "with the express consent of all the parties." 28 U.S.C. § 157(e). As the Ninth Circuit has held, however, "a Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court. Instead, the bankruptcy court is permitted to retain jurisdiction over the action for pre-trial matters." *In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007) (citing *City Fire Equip. Co., Inc. v. Ansul Fire Prot. Wormald U.S., Inc.*, 125 B.R. 645 at 646-50 (N.D. Ala. 1989); *In re Stansbury Poplar Place, Inc.*, 13 F.3d 122, 128 (4th Cir. 1993)).

The potential for this proceeding to require a jury trial, necessitating future withdrawal, is a factor for the Court to consider when evaluating the efficient use of judicial resources. *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1009 (9th Cir. 1997). In doing so, the Court may consider that judicial efficiency is best served by allowing necessary pretrial issues, some of which may obviate the need for a jury trial altogether, to proceed in bankruptcy court. *Orion*, 4 F.3d 1095, 1101-02 (2d. Cir. 1993). The fact that a jury trial has been demanded is not alone sufficient to require withdrawal of the reference.

### C.   Cause to Withdraw.

Finally, Defendants argue that the Court should withdraw the reference for cause pursuant to 28 U.S.C. § 157(d). Doc. 2 at 5. "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms*, 124 F.3d at1008 (citing *In re Orion Pictures Corp.*, 4

F.3d 1095, 1101 (2d Cir. 1993)).

Defendants argue that judicial efficiency will be promoted and delay and costs to the parties reduced by withdrawal of the reference because non-core proceedings in the bankruptcy court will be subject to *de novo* review, and will have to be re-litigated in the district court. Doc. 2 at 5-6. They also argue that because fraudulent transfer claims predominate in this case, withdrawal will not interfere with the uniform application of bankruptcy administration and there are no forum shopping concerns the Court should consider. *Id.*

The Court does not agree. Whether a claim is core or non-core is the "issue [upon which] questions of efficiency and uniformity will turn." *In re Orion Pictures Corp.*, 4 F.3d at 1101. Four of the six claims at issue are core bankruptcy claims over which the bankruptcy court has power to enter final judgments subject to appellate review. Defendants argue that the non-core issues predominate because those claims allege three separate and distinct pre-petition transfers, while the core claims "are all dependent on one act of non-debtor parties entering into a settlement agreement." Doc. 21 at 5. Be that as it may, there is no dispute that core issues that can be resolved by the bankruptcy court exist in this proceeding. This clearly distinguishes this situation from *Sec. Farms v. Int'l Bhd. of Teamsters*, where there were no core bankruptcy issues and the claims were state-law claims "in federal court only because of their potential impact on the administration of [the] estate." 124 F.3d at 1008-09. There, non-core claims clearly predominated.

Because the uniformity of bankruptcy administration is promoted by the bankruptcy court's resolution of the four core bankruptcy claims in this case, and "hearing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues," this weighs against withdrawing the reference. *In re Orion Pictures Corp.*, 4 F.3d at 1101.

Further, Defendants' assertion that non-core claims will have to be entirely re-litigated by the district court overstates this Court's job. "[T]he words 'de novo

determination' *is not intended to require the judge to actually conduct a new hearing* on contested issue." *U. S. v. Raddatz*, 447 U.S. 667, 675 (1980) (citing H.R.Rep., at 3, U.S. Code Cong. & Admin. News 1976, p. 6163) (emphasis in original).  And resolution of pre-trial issues by the bankruptcy court may help streamline the record and any issues for review that may eventually be required by this Court.

In sum, there is not cause for immediate withdrawal of the reference to bankruptcy court.  Considerations of the efficient use of judicial resources, delay and costs to the parties, and the uniformity of bankruptcy administration weigh in favor of the bankruptcy court resolving the core claims and pre-trial issues for the non-core claims.

**IT IS ORDERED** that Defendants' motion to withdraw the reference to the bankruptcy court (Doc. 2) is **denied**.  The Clerk shall terminate this action.

Dated this 18th day of August, 2014.

_____
David G. Campbell
United States District Judge